United States District Court
Southern District of Texas

**ENTERED**

July 24, 2018

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DALE BERCIER, on behalf of himself and all others similarly situated, | ) ) | |
| Plaintiff, | ) ) ) | Case No. 4:17-cv-00908 |
| v. | ) ) | |
| NEW TECH GLOBAL VENTURES, LLC, | ) ) | |
| Defendant. | ) ) ) | |

### JOINT STIPULATION OF DISMISSAL

Plaintiff Dale Bercier ("Plaintiff") and Defendant New Tech Global Ventures, LLC ("New Tech" or "Defendant") (collectively as "the Parties") hereby request the Court to enter the following Joint Stipulation.  The Parties hereby stipulate as follows:

1.      On or before July 20, 2018, Plaintiff will file with the Court a Stipulation for Dismissal pursuant to Fed. R. Civ. Proc. 41 requesting that the Court dismiss the above-captioned pending litigation without prejudice.  The Stipulation for Dismissal will state that the Parties agree to dismiss the above-captioned pending litigation ("This Litigation") according to the following terms:

a.      Plaintiff and each individual opt-in Plaintiff ("Individual Plaintiff") may decide to pursue his or her claim in arbitration on an individualized basis only and not a class basis pursuant to the arbitration clauses set forth in the individual Consultant Agreements. If no pre-existing arbitration agreement exists with any Individual Plaintiff in This Litigation, the parties agree to meet and confer regarding which rules of arbitration should apply.

2893442.v1
2893442.v1

b.      If the Individual Plaintiffs files his/her Demand for arbitration within 120 days of July 20, 2018, and this Litigation is dismissed, then the Individual Plaintiff's claims shall revert back to the date the Individual Plaintiff's opt-in notice was filed in This Litigation.  If the Demand is filed by the Individual Plaintiffs after 120 days from the date This Litigation is dismissed, the claims will not revert back to the date the opt-in notice was filed in This Litigation and the statute of limitations will be deemed to begin on the date the notice of arbitration is filed. In the event Plaintiff's counsel gives written notice to Defendant that his firm is terminating the attorney-client relationship with any Individual Plaintiff, then the 120 day period will be extended by an additional 90 days.

c.      In each individual arbitration, the Individual Plaintiff may claim an amount not to exceed $7,500.00 for attorneys' fees and costs for work performed and costs incurred in This Litigation.   New Tech does not stipulate that this amount of $7,500 is an accurate accounting of attorneys' fees for any individual claim or that the Claimant is entitled to any attorneys' fees related to the currently pending federal litigation.  The parties further agree that to the extent any law permits an Individual Plaintiff to recovery attorney's fees and/or costs, such Individual Plaintiff is allowed to recovery such attorney's fees and costs if awarded by the arbitrator. For example, and without limitation, an Individual Plaintiff who makes a claim under the FLSA may also recover attorney's fees if allowed under the law.   Such a right for any Individual Plaintiff to recover attorney's fees and costs is permitted notwithstanding any provision in the arbitration agreements indicating the parties shall bear their own attorney's fees.

d.      Any deposition taken in This Litigation may be used in any arbitration commenced pursuant to this Stipulation. The Parties agree to conduct limited discovery for each arbitration including a maximum of 20 Request for Interrogatories and, 40 Request for

Production of documents per side.  The Parties agree to the following limitations regarding depositions in arbitration: (i) each side may take no more than 20 hours of depositions across all witnesses; (ii) each side may depose any particular witness for no more than 4 hours; (iii) if a witness has already been deposed in This Litigation or in a prior arbitration filed by one of the Individual Plaintiffs in This Litigation, then such witness may be deposed in subsequent arbitrations but only for an additional 2 hours.

2.     All presently calendared or pending discovery, including but not limited to depositions, and pending requests for production and interrogatories are withdrawn and moot in This Litigation.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Dated: July 24, 2018.

*[Attorney Signatures on Next Page]*

Respectfully submitted this 20th day of July, 2018.

/s/ *Annette A. Idalski*

Annette A. Idalski
Texas Bar No. 00793235
Fed. ID No. 1130754
Peter N. Hall
Georgia Bar No. 141376 (*pro hac vice*)
Brian Smith
Texas Bar No. 24098917
Fed. ID No. 2888428

CHAMBERLAIN HRDLICKA WHITE
WILLIAMS & AUGHTRY
191 Peachtree Street, NE, 46th Floor
Atlanta, Georgia 30303-1747
Telephone: (404) 658-5386
Annette.idalski@chamberlainlaw.com
Peter.hall@chamberlainlaw.com
Brian.smith@chamberlainlaw.com

*Attorneys for Defendant,*
*New Tech Global Ventures, LLC*

AND

**KENNEDY HODGES, LLP**

By: /s/ *Galvin B. Kennedy*
Galvin B. Kennedy
Texas Bar No. 00796870
Federal ID No. 20791
Carl A. Fitz
Texas Bar No. 24105863
Federal ID No. 3158237
4409 Montrose Blvd, Suite 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
Email: gkennedy@kennedyhodges.com

*Attorneys in Charge for Plaintiffs*
*and Class Members*

2893442.v1
2893442.v1